**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Frances K. Chestnut, Elizabeth Diane Keese, Sylvester Keese, Arthur B. Keese, and Mary K. Taylor, Respondents,

v.

Florence Keese, Marcy Keese, Margo Keese, and Marshall Keese, Appellants.

Appellate Case No. 2020-000263

———————————

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-255
Submitted May 2, 2022 – Filed June 8, 2022

———————————

**AFFIRMED**

———————————

Florence Keese, Marcy Keese, and Marshall Keese, of West Chester, PA; and Margo Keese, of Silver Spring, MD, all pro se.

Carolyn G. Baird, of Jones Spitz Moorhead Baird & Albergotti, of Anderson, for Respondents.

———————————

**PER CURIAM:** Appellants Florence Keese, Marcy Keese, Margo Keese, and Marshall Keese, Jr., appeal a circuit court order denying their motion to set aside the default judgment declaring void the 1992 conveyance to Marshall Keese, Sr. of a one-sixth interest in a property in Anderson County. On appeal, Appellants argue the circuit court abused its discretion by finding they (1) failed to present evidence of good cause to set aside the default judgment and (2) failed to present evidence of a meritorious defense to Respondents' quiet title action. We affirm.

1. The circuit court did not abuse its discretion by denying Appellants' Rule 60(b), SCRCP, motion to set aside the default judgment. *See Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606, 681 S.E.2d 885, 888 (2009) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the [circuit court]."); *id.* at 607, 681 S.E.2d at 888 ("An abuse of discretion occurs when . . . the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support."). The circuit court erred by applying the less rigorous "good cause" standard applicable to motions filed pursuant to Rule 55(c), SCRCP. *See Sundown Operating Co.*, 383 S.C. at 607, 681 S.E.2d at 888 ("The standard for granting relief from an entry of default under Rule 55(c) is mere 'good cause.'"); *id.* at 608, 681 S.E.2d at 888 ("The standard for granting relief from a default judgment under Rule 60(b) is more rigorous than the 'good cause' standard established in Rule 55(c)."). However, because evidence supports the circuit court's finding that Appellants failed to present evidence of good cause, we find Appellants also failed to present evidence sufficient to set aside the default judgment under Rule 60(b). *See Sundown Operating Co.*, 383 S.C. at 608, 681 S.E.2d at 888 ("Rule 60(b) requires a more particularized showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or 'other misconduct of an adverse party.'" (quoting Rule 60(b), SCRCP)).

2. Whether the circuit court abused its discretion by finding that Appellants failed to present evidence of a meritorious defense is not preserved for appellate review, because Appellants declined to put forth a defense at the hearing before the circuit court. *See Miller v. Dillon*, 432 S.C. 197, 207, 851 S.E.2d 462, 467 (Ct. App. 2020) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review." (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.